UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MONYA TATE,

        Petitioner,         Case Number: 02-10217-BC
                                        Honorable David M. Lawson

v.

BARBARA BOCK,

        Respondent.
_____/

## ORDER GRANTING IN PART CERTIFICATE OF APPEALABILITY

The Court denied Monya Tate's petition for writ of habeas corpus on April 12, 2006. The matter is before the Court for a determination of whether a certificate of appealability should issue.

I.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

Upon review, the Court holds that the petitioner is entitled to a certificate of appealability on his first main ground for relief, but is not entitled to a certificate of appealability on his second ground for relief.

A.

The petitioner first argued that he was deprived of due process where the trial court excused a juror with a skin rash after deliberations had begun, recalled an alternate juror who had been discharged, failed to ask the juror whether she had discussed the case with anyone, and failed to instruct the jury to begin deliberations anew after the alternate joined them. Although the respondent argued that these claims were waived or forfeited because the petitioner's counsel assented to these actions and failed to object to the instructions, the Court denied this ground for relief on the merits. *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

1.

The Court first found that the petitioner was not deprived of due process by the trial court's exercise of its discretion in excusing the ailing juror. The petitioner's due process argument was not plainly supported by the Supreme Court's double jeopardy jurisprudence explicated in *United States v. Jorn*, 400 U.S. 470, 479, 484 (1971) (plurality opinion).

The Court also rejected the petitioner's argument that he was deprived of due process by the trial court's recall of the discharged alternate juror. Although the recall of the juror may have violated state law, the Court found that it did not deprive the petitioner of the fundamental fairness guaranteed by the Due Process Clause. The Court found it unlikely that the juror was unduly pressured by the other jurors because the jury deliberated for approximately two hours after the juror joined deliberations. Furthermore, the alternate was not disadvantaged when she joined deliberations because she received all the instructions given to the rest of the jury.

The Court then considered the petitioner's assertion that the trial court failed to ask the alternate juror if she had discussed the case with anyone or formed an opinion about the case after

she had been discharged. After a careful review of the record, the Court rejected this assertion, noting that the trial court did indeed ask the juror if anyone had spoken to her about the case or if there was any reason she could not be fair to both sides.

Finally, the petitioner argued that the trial court deprived him of due process when it instructed the jury to resume deliberations when the alternate joined them, but did not instruct them to begin deliberations anew.

The Court found that the trial court's instructions left open the possibility that the jurors could begin deliberations anew. Furthermore, the judge's instruction to the jury to "share with the other juror how you have been deliberating," was similar to the instruction found to comport with due process in the Third Circuit decision *Claudio v. Snyder*, 68 F.3d 1573, 1574 (3d Cir. 1995). The Court observed that the Eleventh Circuit Court of Appeals also found no deprivation of due process in a similar situation where a jury was not instructed to begin deliberations anew. *Peek v. Kemp*, 784 F.2d 1479, 1485 (11th Cir. 1986). The Court agreed with the conclusions of the Third and Eleventh Circuits that the process utilized in those cases, although not ideal, was consistent with the fundamental fairness required by the Due Process Clause. The Court concluded that the process in the petitioner's case is similarly acceptable.

2.

The Court believes that this ground for relief deserves encouragement to proceed further because these issues have not been addressed directly by the Sixth Circuit and because the decisions of the Third and Eleventh Circuits may be interpreted as inconsistent with the somewhat similar Ninth Circuit decision in *United States v. Lamb*, 529 F.2d 1153 (9th Cir. 1975).

Moreover, jurists of reason may disagree about the adjudication of the issues. Although the Michigan Supreme Court denied the petitioner leave to appeal on direct appeal, one justice would have reversed and remanded for a new trial based on the petitioner's first issue, while another justice would have granted leave to appeal. *See People v. Tate*, 465 Mich. 920; 638 N.W.2d 749 (2001). Therefore, the Court concludes that the petitioner is entitled to a certificate of appealability on this issue.

B.

The petitioner's other ground for relief is that the trial court's jury instruction was inadequate and deprived him of a fair trial and his right to present a complete defense because the trial court did not incorporate the petitioner's version of events into the instructions. The petitioner argues that his assertion that Gerald Spears shot the two victims was central to his defense and should have been included with the jury instruction on mere presence.

The Court rejected this claim because the petitioner's desired instruction amounted to argument on his theory of the case. The question before the jury focused on the petitioner's culpability, and the instruction properly explained that the petitioner claimed that he was present, but took no part in the killings. The Court concluded, therefore, that the trial court's instruction was not inadequate and did not deprive the petitioner of due process. The petitioner is not entitled to a

certificate of appealability on this claim because reasonable jurists would not conclude that it deserves encouragement to proceed further.

II.

Reasonable jurists may disagree on the Court's resolution of the petitioner's first ground for relief, but the petitioner's second ground for relief does not deserve encouragement to proceed further.

Accordingly, it is **ORDERED** that the petitioner is **GRANTED** a certificate of appealability with respect to his claim regarding the substitution of the alternate juror.

It is further **ORDERED** that the petitioner is **DENIED** a certificate of appealability with respect to his remaining claim.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 17, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 17, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS